IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MESERET ABERU, professionally known as Meseret Belete | : | |
| v. | : | Civil Action No. DKC 26-246 |
| | : | |
| AMBAW SOLOMON a/k/a Hope Music Ethiopia | : | |

**MEMORANDUM OPINION**

The above-captioned copyright infringement complaint was filed *pro se* by Meseret Aberu, professionally known as Meseret Belete ("Plaintiff"), a Maryland resident, on January 21, 2026. (ECF No. 1).  Defendant Ambaw Solomon a/k/a Hope Music Ethiopia ("Defendant") is a resident of Finland.  (*Id.*).  Plaintiff alleges that she "is the copyright owner and artist of the original music work titled *Erikum Zemeda*."  (*Id.* ¶ 1).  Defendant allegedly uploaded a video to YouTube that used this song without Plaintiff's permission.  (*Id.* ¶ 4).  Plaintiff submitted a takedown notice to YouTube under the Digital Millennium Copyright Act ("DMCA"), and the video was removed.  (*Id.* ¶ 5).  Defendant then "filed a counter-notification requesting reinstatement of the infringing video." (*Id.* ¶ 6).  Plaintiff received an email from YouTube Copyright informing her of the counter-notification.  (ECF No. 8-1, at 1). As part of the counter-notification, the email indicated that Defendant had consented to the jurisdiction of the Federal District

Court for "the judicial district in which YouTube is located." (*Id.*).  Plaintiff then filed suit against Defendant, who has not yet been served, asserting a single claim of copyright infringement.  (ECF No. 1, at 2).

The court issued a Memorandum and Order on March 16, 2026, directing Plaintiff to show cause why this case should not be transferred to the United States District Court for the Northern District of California, the location of YouTube's headquarters, pursuant to 28 U.S.C. § 1406(a).  (ECF No. 9).  Plaintiff filed a response on March 26, 2026, stating that she prefers to keep the case in Maryland because she "does not have the financial ability to travel to California to litigate this matter" and Maryland is more convenient to the parties than California.  (ECF No. 10).  She contends that her preference should be afforded deference. (*Id.*).[1]  For the following reasons, the case will be transferred.

---

[1] Plaintiff's arguments might be relevant to a potential discretionary transfer under 28 U.S.C. § 1404(a) rather than a mandatory transfer under 28 U.S.C. § 1406(a). *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (noting the plaintiff's choice of forum and convenience to the parties are factors to be considered in a § 1404(a) analysis).  Those factors are irrelevant to a § 1406(a) analysis because the question is not whether venue is convenient but rather whether it is proper, meaning one of the provisions of 28 U.S.C. § 1391(b) is satisfied.

Under 28 U.S.C. § 1406(a), "a case laying venue in the wrong division or district" must either be dismissed or, "if it be in the interest of justice," transferred "to any district or division in which it could have been brought."  Venue is proper pursuant to 28 U.S.C. § 1391(b) in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, only § 1391(b)(3) is applicable, so venue is proper where Defendant is subject to personal jurisdiction.  Personal jurisdiction can be general or specific.  A court with general jurisdiction over a defendant can hear any claim against that defendant; "an individual is subject to general jurisdiction in her place of domicile."  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).  Specific personal jurisdiction can arise when the defendant's contacts with the forum state give rise to

3

the cause of action.  *Id.* at 359.  "[A] federal court may exercise personal jurisdiction over a defendant in the manner provided by state law."  *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 396 (4th Cir. 2003) (citing Fed.R.Civ.P. 4(k)(1)(A); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997)).  The United States Court of Appeals for the Fourth Circuit previously described the analysis required in a case arising out of the District of Maryland:

> [F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment.  *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).  With regard to the first requirement, we must accept as binding the interpretation of Maryland's long-arm statute rendered by the Maryland Court of Appeals. *See Mylan [Lab'ys, Inc. v. Akzo, N.V.*], 2 F.3d [56,] 61[ (4th Cir. 1993)].

*Id*.  Analysis of both the state long-arm statute and the scope of federal due process is required:

> The Maryland long-arm statute authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment.  *Perdue Foods [LLC v. BRF S.A.*], 814 F.3d [185,] 188[ (4th Cir. 2016)] (citing *Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 388 Md. 1, 22[] (2005)).

This broad reach does not suggest that analysis under the long-arm statute is irrelevant; rather, it reflects that, "to the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to outermost boundaries of the due process clause." *Dring v. Sullivan*, 423 F.Supp.2d 540, 545 (D.Md. 2006) (quotations omitted). Both the Maryland Court of Appeals and the Fourth Circuit have held that it is not "permissible to simply dispense with analysis under the long-arm statute." *Pandit v. Pandit*, 808 F.App'x 179, 185 (4th Cir. 2020) (unpublished) (quoting *Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n.6[] (2006)). To satisfy the long-arm statute, a plaintiff must specifically identify a statutory provision that authorizes jurisdiction, either in his complaint or in his opposition to a Fed.R.Civ.P. 12(b)(2) motion. *See Johansson Corp. v. Bowness Constr. Co.*, 304 F.Supp.2d 701, 704 n.1 (D.Md. 2004); *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649, 653 (D.Md. 2001).

*Orbita Telecom SAC v. Juvare LLC*, 606 F.Supp.3d 240, 247 (D.Md. 2022).

Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103 (West), provides:

(b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
(1) Transacts any business or performs any character of work or service in the State;
(2) Contracts to supply goods, food, services, or manufactured products in the State;
(3) Causes tortious injury in the State by an act or omission in the State;

5

> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
> (5) Has an interest in, uses, or possesses real property in the State;
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

None of the subsections of the Maryland Long Arm Statute are satisfied and Plaintiff cannot establish personal jurisdiction over Defendant in Maryland.

On the other hand, Defendant appears to have consented to personal jurisdiction in the federal judicial district where YouTube is located, which operates to waive any otherwise valid personal jurisdiction objections, such as failure to satisfy a state long arm statute. *See Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 281 n.11 (4th Cir. 2009). The question, then, is where YouTube is "located." As noted in the show-cause memorandum and order, many other courts have concluded that YouTube is located in the Northern District of California, where it is headquartered. (ECF No. 9, at 6–7). Plaintiff has not offered

any facts to indicate that YouTube is also located in Maryland, such as whether YouTube's "agents and officers carry on [YouTube's] business in [Maryland]." *See DP Creations, LLC v. Adolly.com*, No. 23-4126, 2024 WL 4491924, at *6 (10th Cir. Oct. 15, 2024) (citing *Cawthon v. Zhousunyijie*, No. 22-cv-3021, 2024 WL 1156073, at *4 (S.D.N.Y. Mar. 18, 2024)). Without any such facts, it is impossible to conclude that YouTube is located in Maryland. Accordingly, Plaintiff has not shown that Defendant is subject to personal jurisdiction here, making venue improper.

Pursuant to 28 U.S.C. § 1406(a), a case brought in an improper venue may be transferred to any district or division in which it could have been brought. There is little doubt that YouTube is located in the Northern District of California, the district with YouTube's San Bruno, California headquarters, so Defendant has consented to that court's personal jurisdiction.[2] Venue is therefore proper in the Northern District of California, and the

---

[2] Plaintiff attached a document entitled "Agreement for the Permission of Uploading of Music and Revenue Share on YouTube," which appears to be a contract between her and Defendant permitting Defendant the "exclusive right to use [Plaintiff's song *Erikum Zemeda*] commercially on YouTube" in exchange for a 50% royalty payable to Plaintiff. (ECF No. 1-1, at 1). That agreement contains a clause stating that Ethiopian courts "shall have jurisdiction over any matter which may arise with this agreement." (*Id.*). Whether that agreement has any limiting effect on the current litigation remains to be determined.

case will be transferred there. The pending motions for preliminary injunction and alternative service remain to be decided in the transferee court. A separate order will be entered.

                                    /s/
                          DEBORAH K. CHASANOW
                          United States District Judge